PER CURIAM.
We reverse appellant’s conviction for burglary of a conveyance.[1] The trial court committed per se reversible error when the court, relying on concerns over appellant’s mental health, denied appellant’s unequivocal requests to represent himself without conducting any Faretta[2] inquiry, even though the court previously determined at a competency hearing that appellant was malingering his symptoms of mental health issues and the record evidence does not support the conclusion that appellant suffered from a severe mental illness.
To be sure, the United States Constitution permits judges to insist upon representation by counsel for those competent enough to stand trial, but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves. See Indiana v. Edwards, 554 U.S. 164, 177, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008); see also Fla. R.Crim. P. 3.111(d)(3) (2009) (the trial court shall not deny a defendant’s unequivocal request to represent himself “if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself’). However, in this case, there was no record evidence that appellant suffered from severe mental illness, as the mental health experts who evaluated appellant opined that he was malingering and that there was no reason to believe he was mentally ill. Because the record evidence does not support the conclusion that appellant suffered from a severe mental illness, the Edwards exception to the constitutional right of self-representation does not apply-
*218 In sum, we conclude that the trial court erred in failing to hold a Faretta inquiry when appellant unequivocally requested to represent himself after the competency hearing.[3] See McCray v. State, 71 So.3d 848, 864 (Fla.2011) (although a trial court’s decision on a defendant’s request for self-representation is generally reviewed for an abuse of discretion, a trial court’s failure to take the preliminary step of holding a hearing on a defendant’s unequivocal pro se request results in per se reversible error). Consequently, we must reverse and remand for a new trial.

Reversed and Remanded.

STEVENSON, TAYLOR and CIKLIN, JJ., concur.

. The underlying facts of the prosecution's case included allegations that appellant committed a battery against his wife in connection with the burglary. However, we reject appellant's argument that the presiding trial judge, Judge Cohen, should have disqualified himself from this case because of his previous membership in the Women in Distress Judicial and Legal Council, an organization dedicated to assisting victims of domestic violence. Appellant's motion for disqualification did not allege that Judge Cohen had a personal bias against him, and Judge Cohen's prior membership in the Women in Distress organization is not, without more, a legally sufficient ground for disqualification. See Rodgers v. State, 948 So.2d 655, 672-73 (Fla.2006) (holding that fact that trial judge was a prominent speaker at a Domestic Violence Council Meeting and spoke strongly against domestic violence was not a legally sufficient ground to support disqualification of judge from sentencing defendant to death for the murder of defendant's wife). A trial judge’s “alleged desire to solve the problem of domestic violence is not a legally sufficient basis for his disqualification.” Id. at 673.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. Of course, if the trial court had permitted appellant to represent himself and if appellant had deliberately engaged in serious and obstructionist misconduct, the trial court would have been free to terminate self-representation. See Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. 2525.